CHARLES BOURLAND et al.

v.

JOHN SNYDER et al.

*Opinion filed December 22, 1906.*

1. CERTIORARI—*certiorari is not a writ of right.* Whether a petition for a writ of *certiorari* shall be granted or denied is a matter resting in the sound discretion of the court in view of the merits of the case as shown by the petition, but such discretion must not be exercised arbitrarily.

2. SCHOOLS—*legal petition is essential to change of school district.* A petition complying with the statute is essential to the jurisdiction of the trustees of schools to effect a change in a school district, and also essential to the jurisdiction of the tribunal provided by statute to hear an appeal from the decision of the trustees.

3. SAME—*school trustees have power to create new districts by dividing an existing one.* Clause 1 of section 47 of article 3 of the School law, conferring on school trustees power to "divide or consolidate districts," gives them power to create a new school district by dividing the territory of an existing district.

4. SAME—*petition complying with clause 3 of section 48 authorizes creation of new district by dividing existing one.* A petition to school trustees to create a new school district by detaching territory from an existing one is sufficient if signed by two-thirds of the legal voters residing in the territory proposed to be detached and which otherwise complies with clause 3 of section 48 of article 3 of the School law; and it is not necessary that the petition have the signatures of a majority of the legal voters in the existing district.

WRIT OF ERROR to the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

WALL & CASTER, for plaintiffs in error.

LANSDEN & LEEK, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

School district No. 3 in town 14, south, range 1, west of the third principal meridian, is situate partly in Alexander county and partly in Pulaski county. Mill creek constitutes the line dividing the two counties. The school house

is in Pulaski county, and in the winter time it is for the greater part of the time inconvenient, and frequently impossible, for the children residing in Alexander county to reach the school house by reason of high waters in Mill creek and bad roads in the bottom land near the creek. A petition was presented to the trustees of schools asking that the territory in Alexander county be detached from district No. 3 and formed into a new district. The trustees denied the prayer of the petition, and Eli Sowers, John L. Cline and George H. Bradley prosecuted an appeal under the statute. The appeal was heard by the county judge of Alexander county and the respective county superintendents of Pulaski and Alexander counties, and the body so constituted ordered that the prayer of the petition should be granted and a new district erected and composed of the territory in Alexander county. The plaintiffs in error, residents, freeholders and tax-payers of Pulaski county, presented to the circuit court of Alexander county a petition for a common law writ of *certiorari* for the purpose of reviewing the record and proceedings of the board of appeals, and praying that the order made by the said board of appeals be reversed, set aside and for naught esteemed. A notice in writing was served upon all the parties made defendants to said petition, of the date and place when and where the petitioners would appear before the circuit court of Alexander county and ask for an order for the issuance of said writ. At the time and place named the parties appeared and petitioners presented their petition, with proof and notice. Respondents then offered certain evidence addressed mainly to the discretion of the court and for the purpose of showing that justice did not require the issuance of the writ, but not to contradict the return,—a practice that seems to be approved in *Hyslop* v. *Finch,* 99 Ill. 171. The circuit court denied the writ and dismissed the petition, and to reverse that judgment the case is brought to this court by writ of error.

It is well settled, in determining a question of this character, that the court is vested with a discretionary power, as the writ is not one of right. This discretionary power, however, is not an arbitrary one that may be exercised in all cases regardless of the merits of the case as shown by the petition. It is the contention of plaintiffs in error that their petition made a case in which the court had no discretion, but that it was its duty to award the writ.

The error alleged to exist in the record of the proceedings to establish a new district is based on the contention of plaintiffs in error that the petition presented to the board of trustees, which is the basis of the proceeding, did not contain the requisite number of qualified petitioners to give the board jurisdiction of the matter, and that therefore jurisdiction was lacking in the board, composed of the county superintendents of the respective counties and the county judge of Alexander county, to hear the appeal and enter judgment therein. The petition purports to bear the signatures of two-thirds of the legal voters residing in that part of the district which is situate in Alexander county, being the territory of which the new district is composed. Plaintiffs in error contend that it was essential to a legally sufficient petition that it should contain the signatures of a majority of the legal voters of the entire district.

A petition in compliance with the statute is prerequisite to the jurisdiction of the board of trustees to act, and likewise to the jurisdiction of any tribunal hearing the case on appeal from the board. Sections 47 and 48 of chapter 122, entitled "Schools," (3 Starr & Cur. Stat. 1896, pp. 3662-3664,) confer on boards of school trustees authority, (1) to divide or consolidate districts; (2) to organize new districts out of territory belonging to two or more districts; (3) to detach territory from one district and attach it to another district adjacent thereto. Section 48 requires that the changes in districts authorized to be made by section 47 shall be made on petition, and prescribes the qualifications

and number of petitioners necessary to invest the trustees with jurisdiction to act, as follows: "First, by a majority of the legal voters of each of the districts affected by the proposed change; second, by two-thirds of the legal voters living within certain territory described in the petition asking that the said territory be detached from one district and added to another; third, by two-thirds of all the legal voters living within certain territory, containing not less than ten families, asking that said territory may be made a new district."

The power given the trustees by the first clause of section 47 to "divide or consolidate districts," confers power, as we think, to create a new district by so dividing the territory of an existing district as to create a new district out of a part of the territory of the old district. If this construction be not correct, power is lacking to create a new district by taking a part of the territory of one existing district only. The constant increase in population and frequent changes incident to the development and growth of our State must inevitably require like increase in school facilities, and additional districts must from time to time become essential to the convenience and necessity of the ever-changing conditions. We cannot conceive that the legislature intended that districts as originally framed must be continued perpetually unless new districts could be formed by taking territory from more than one organized district. The power given by clause 1 of section 47 to divide a district clearly conferred authority to erect the divided part or parts into separate, complete districts, otherwise a portion of the district so divided would be without school privileges,—a condition not to be conceived of in any instance. Hence a petition asking that certain territory in an existing district be created into a new district confers jurisdiction on the board of trustees to so divide the district as to effectuate that object. The third clause of section 48 authorizes the formation of a new district composed of territory containing not less than

224—31

ten families, on the petition of two-thirds of the legal voters living within the territory so to be organized into a new district. The petition here involved contains two-thirds of the legal voters residing in the territory out of which the new district was to be formed, and we regard the petition as legally sufficient to confer jurisdiction on the board of trustees to act. In *Parr* v. *Miller*, 146 Ill. 596, we held that the requirements of the first and second clauses of section 48 as to petitions have nothing to do with the formation of new school districts, and that a petition in compliance with clause 3 of that section invested the trustees with power to create a new district. The new district may, as we have seen, be created by dividing the territory of an existing district, and a petition under the third clause of section 48 is sufficient for that purpose. We have examined *Hamilton* v. *Frette*, 189 Ill. 190, and *People ex rel.* v. *Keechler*, 194 id. 235, and find nothing in either of those cases inconsistent with the view here announced.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*