Muddy Grade School District No. 40, Plaintiff-Appellee, v. Raleigh Grade School District No. 34, County Board of School Trustees of Saline County, Illinois, C. R. Gardner, Ex-Official Secretary of the Board of School Trustees, Ralph Reeder, et al., Defendants-Appellants.

Gen. No. 64-35.

Fifth District.

November 5, 1964.

James W. Snaders, of Marion, for appellants.

Arlie O. Boswell, of Harrisburg, for appellee.

DOVE, P. J.

Ralph Reeder, Ruby Reeder, Clyde Gibbs and Otto Gibbs, on May 10, 1963, presented to the County Board

of School Trustees of Saline County, their petition praying that the real estate described in the petition be detached from Muddy Grade School District No. 40 and annexed to Raleigh Grade School District No. 34.

The required notices were given and on June 4, 1963, the Board met and considered this petition and heard the testimony of the several witnesses. On June 19, 1963, the Board entered an order reciting that the Board "granted the prayer of said petition, and assigned said real estate described in the petition to the Raleigh Grade School District No. 40." Thereafter Muddy Grade School District filed in the Circuit Court of Saline County its complaint to review this order. A hearing was had and on February 18, 1964, the Circuit Court entered an order reversing the order of the County Board of School Trustees, the only finding therein being that the order "detaching the area in accordance with the petition herein, was not entered in accordance with and pursuant to the provisions of the statute in such cases made and provided, and that said decision should be reversed and vacated." To reverse that order, Raleigh Grade School District No. 34 and the County Board of School Trustees, appeal.

Appellee herein, Muddy Grade School District No. 40, has made no appearance in this court, and we are not aided by any brief filed in its behalf.

The petition which initiated this proceeding was entitled: "Petition for Detachment and Annexation of Territory." It was addressed: "To the County Board of School Trustees of the County of Saline and State of Illinois," and commences:

"We, the undersigned, respectfully represent: 1. That we and each of us are legal voters residing in the following described territory:

The west one-half (W½) of the southwest one-fourth (SW¼) of Section 35; and northeast one-

224

 

fourth (NE¼) of southeast one-fourth (SE¼) in section 34; and the south twenty-five acres of the southeast one-fourth (SE¼) of the northeast one-fourth (NE¼), all located in Township 8 South, Range 6 East of the Third Principal Meridian."

The record discloses that the hearing was conducted by the County Board of School Trustees in the Circuit Court Room on the evening of June 4, 1963, and at the beginning of the hearing, counsel representing appellee, addressing the Board, said: "In the petition you show 120 acres, and in your statement you state the area involved within the petition is 145 acres. I would like an indentification of the 25 acres before we proceed any further." Thereupon, C. R. Gardner, County Superintendent of Schools and Ex-Officio Secretary of the Board of School Trustees, replied: "As far as the petition is concerned and map accompanying it, on the inconformity our legal description checks out and can stand on its own. I guess we will have to fire some help." Counsel then said: "In other words, may I ask the Superintendent, is the description in the petition the property that is being proposed to be detached from Muddy?" And Mr. Gardner replied: "That is correct."

It does not appear in what section the southeast one-fourth (SE¼) of the northeast one-fourth (NE¼) is located. The south twenty-five acres thereof is therefore impossible of identification. Furthermore, no reference is made following this description of the premises, or anywhere in the petition, to the County or State in which the described premises are located. Our conclusion is, therefore, that the order of the County Board of School Trustees is void because the boundaries of the territory which it sought to detach from Muddy Grade School District No. 40, and annex to Raleigh Grade School District No. 34, are not located

and defined in the initiating petition, the required statutory notice of hearing, or order of the County Board of School Trustees.

In Streator Township High School Dist. No. 40 v. County Board of School Trustees of LaSalle County, 5 Ill App2d 38, 124 NE2d 579, the County Board of School Trustees granted the prayer of the petition and detached from Streator Township High School District No. 40 approximately 1515 acres of land, and annexed the same to Ottawa Township High School District No. 140. A portion of the premises was described in the petition as the north half of the southwest quarter, except 5 acres of section 33, town 32, north range 4 east of the third principal meridian in LaSalle County, Illinois. Upon appeal, under the provisions of the Administrative Review Act, the Circuit Court affirmed the decision of the County Board of School Trustees. In reversing the judgment of the Circuit Court, the Appellate Court, in the course of its opinion, said: (pp 43, 44) "Exactly what seventy-five acres of this eighty-acre tract is described in the petition filed in the instant proceeding cannot be determined from the description contained in the petition, the legal notice, or in the order of the Trustees. The defendants recognized that the boundaries of the territory in question could not be located from the description contained in the petition, but counsel for appellees contend that this defect may be corrected by evidence presented to the Trustees at the hearing. We do not think so. The primary function of the petition is to establish definitely the territory which the petitioners seek to have transferred from one school district to another." . . . "Our conclusion," continued the court (pp 44, 45), "Is that the order of the County Board of Trustees is void because of the fact that the boundaries of the detached territory are not located and defined in the petition, notice, or order which we are reviewing."

226

In Oakdale Community Consol. School Dist. v. County Board of School Trustees, 12 Ill App2d 260, 139 NE2d 795, there was an error in the description of the territory sought to be detached. The petition described it as the "southeast quarter of section 31, township 3, south, range 4 west, in Washington County, Illinois." The map required to be kept by the County Superintendent of Schools of Perry County, showed that the territory should have been described as the east half of that quarter section. The court held, however, that the misdescription, under all the facts disclosed by the record, could not have been misleading. The court distinguished the facts in this case from those in the Streator Township High School District case, supra, and said: (omitting citations) (p 264) "A mere error in description would not invalidate the proceedings where there could be no doubt as to the meaning and intent thereof. The so-called description in the instant case, if erroneous, could not be misleading.—The eighty acres in question are definitely described and regardless of whether the added eighty acres are located in the Oakdale or the Swanwick District, the territory described in the petition to annex is adequately described in the petition, and the proceeding would not be invalidated by reason of this type of description which might include territory already in the Coulterville District."

The School Code of 1961 provides that the boundaries of existing school districts lying entirely within any county may be changed by detachment or annexation by the County Board of School Trustees of such county when petitioned by two-thirds of the legal voters residing in any territory proposed to be detached from one district. Upon the filing of such a petition with the Secretary of the County Board of School Trustees, the Secretary shall cause a notice of such presentation to be given in writing to each board

227

of any district involved and publish a notice in a newspaper of general circulation within the area of the territory described in the petition for the proposed change of boundaries. This notice shall state when the petition was filed, the description of the territory, the prayer of the petition and the return day on which the hearing on the petition will be held. (Ill Rev Stats 1961, c 122, Art 7, secs 1, 6.)

Under the School Code, the territory sought to be detached from Muddy Grade School District No. 40, and annexed to Raleigh Grade School District No. 34, was required to have been properly and adequately described in the petition in order to give the County Board of School Trustees jurisdiction to enter an appropriate detachment and annexation order. This was not done. The words used in the petition and publication notice were insufficient to locate and define the boundaries of the territory sought to be detached from one district and annexed to another.

In Bourland v. Snyder, 224 Ill 478, 79 NE 568, it is said (p 480): "A petition in compliance with the statute is prerequisite to the jurisdiction of the Board of Trustees to act, and likewise to the jurisdiction of any tribunal hearing the case on appeal from the Board."

The only appropriate order this court can enter is to affirm the judgment of the Circuit Court of Saline County.

Judgment affirmed.

WRIGHT and REYNOLDS, JJ., concur.