Hall Township High School District No. 502, Bureau County, Illinois, Plaintiff-Appellant, v. County Board of School Trustees of Bureau County, Illinois, Joseph O. Newcomer, Ex Officio, Secretary of Said County Board of School Trustees of Bureau County, Illinois, Wilbur Pinter, Roberta Pinter, and LaMoille Community High School District No. 509, Bureau County, Illinois, Defendants-Appellees.

Gen. No. 66–65.

Third District.

March 13, 1967.

Rehearing denied April 17, 1967.

William J. Wimbiscus, Jr., of Spring Valley, and Roger V. Pierson, of Princeton, for appellant.

Peterson, Johnson & Martin, Trimble & Trimble, and C. Howard Wampler, all of Princeton, for appellees.

CORYN, J.

This is an appeal by plaintiff, Hall Township High School District #502, from an order of the Circuit Court of Bureau County affirming the order of defendant, County Board of School Trustees of Bureau County, which order permitted the detachment of land owned by defendants, Wilbur and Roberta Pinter, from the Hall District and its annexation to defendant, LaMoille Community High School District No. 509.

The facts are undisputed. On July 31, 1964, the Pinters filed with the County Board a petition for detachment from Hall District and annexation to LaMoille District. On September 3, 1964, this petition was allowed. Hall District then filed a complaint for administrative review in the Circuit Court of Bureau County, which was docketed as Cause No. 64–9–217M. On October 14, 1965, the Circuit Court reversed the decision of the County Board for the reason that its order was void for want of jurisdiction because the superintendent of schools, who is ex officio secretary of the County Board, had failed to send a copy of the Pinters' petition to the school districts to be affected, as required by statute (Ill Rev Stats, c 122, § 7–6). On December 13, 1965, the Pinters filed a second petition with the County Board, again requesting detachment from Hall District and annexation to LaMoille District. This petition was identical with their earlier petition of July 31, 1964, except that it alleged the adjudication of the Circuit Court in Cause No. 64–9–217M. On February 1, 1966, after a hearing, the County Board granted the prayer of the second petition, and ordered that Pinters' property be detached from Hall District and annexed to LaMoille

District. On February 16, 1966, Hall District filed its second complaint for administrative review with the Circuit Court of Bureau County. The sole issue presented in that proceeding in the Circuit Court was whether the statute, i. e., Ill Rev Stats, c 122, § 7–8, prohibits the County Board from considering the Pinters' second petition, it having been filed within one year from October 14, 1965, the date on which the Circuit Court reversed the decision of the County Board on the initial Pinter petition. On June 14, 1966, the Circuit Court overruled this assertion and affirmed the order of the County Board, entered February 1, 1966, whereby the annexation of the Pinter property to LaMoille District was allowed. It is from this order that Hall District appeals.

■■ The purpose of the provisions of Ill Rev Stats, c 122, § 7–8, is to prevent the harassment of County Boards, School Boards of affected districts, and interested persons, by successive petitions to detach or annex the same territories. Consequently, the legislature limited the right of such petitions by providing in § 7–8 that any territory, or part thereof, which was involved in a previous petition that was denied, cannot again, within one year after final determination of the first proceeding, be the subject matter of a proceeding to change the school district boundaries. We are of the opinion that the final determination contemplated by § 7–8, from which the one-year limitation commences, is one entered in a valid proceeding where jurisdiction to adjudicate was present, and where the denial of the petition for change of boundaries was based upon its substantive merits. Inasmuch as the action of the County Board approving the Pinters' first petition was held void by the Circuit Court in Case No. 64–9–217M for want of jurisdiction, and no final determination was had on the substantive merits of this petition, we conclude that the one year

limitation does not apply to the Pinters' second petition. See, The People v. Hurst, 401 Ill 158, 161, 81 NE2d 491. Accordingly, the order of the Circuit Court of Bureau County is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.