BENJAMIN F. LOYD, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF MERIDIAN COMMUNITY UNIT SCHOOL DISTRICT NO. 223, OGLE COUNTY, Defendant-Appellee.

Second District No. 76-226

Opinion filed June 24, 1977.

R. W. Deffenbaugh, of Drach, Terrell & Deffenbaugh, of Springfield, for appellant.

Charles C. Cronauer, Robert C. Jenkins, and Harold A. Rissman, all of Rissman & Jenkins, of De Kalb, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Plaintiff is a tenured teacher who has been employed by defendant Board of Education since 1963. At the time plaintiff was hired he was placed on the defendant's salary schedule at the level of a bachelor's degree plus 24 hours and has been paid at that rate ever since. Plaintiff filed this declaratory judgment action, contending that he should be paid as a teacher possessing a master's degree, beginning with the 1973-74 school year. The trial court held that plaintiff was not entitled to be paid as a teacher possessing a master's degree and plaintiff appeals.

Section 24—8 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—8) provides in relevant part:

> "In fixing the salaries of teachers, school boards shall pay those who serve on a full-time basis not less than a rate for the school year that is based upon training completed in a *recognized institution of higher learning*, as follows: for the school year beginning July 1, 1971 and thereafter, less than a bachelor's degree, $6,000; 120 semester hours or more and a bachelor's degree, $6800; 150 semester hours or more and a master's degree, $7300." (Emphasis added.)

The main controversy herein concerns the meaning to be ascribed to the words "recognized institution of higher learning" in this statutory provision. Also relevant to the determination of whether plaintiff should be paid as a teacher possessing a master's degree is the following provision appearing in the defendant's salary schedule, which was adopted in 1959.

> "For purposes of salary schedule credit all courses taken by teachers shall be either (a) part of a program leading to an *approved degree*, or (b) approved in advance by the administration and Board of Education." (Emphasis added.)

It is undisputed that plaintiff has the following formal education. He received a bachelor's degree from Mississippi College in 1947. Following that he took some English courses at both Emory University and the University of South Carolina but received no degree. From 1955 through 1958 plaintiff attended Southern Baptist Theological Seminary. He received a bachelor of divinity degree from Southern Baptist in January 1959. Thereafter plaintiff was admitted to a program leading to a Ph.D. in religion at the University of Chicago. The University of Chicago accepted the Southern Baptist degree as a prerequisite master's degree. He did not complete his doctorate degree, however, but instead began teaching school on a provisional certificate. He completed his requirements to secure a permanent teaching certificate by taking further courses at Northern Illinois University between 1963 and 1967. Plaintiff

has earned a total of 36 hours of graduate level credit at Northern but has not received a degree.

In 1973 plaintiff was notified by Southern Baptist Theological Seminary that they had received permission to change the nomenclature of the degrees they had awarded and that plaintiff could have his bachelor of divinity degree changed to a master of divinity degree, even though he had done no additional work for the purpose of obtaining a different degree. Plaintiff did obtain the new degree on June 1, 1973, and thereafter applied to defendant Board of Education to be placed on the salary schedule as a teacher possessing a master's degree. The testimony in this case indicates that the defendant Board of Education thereafter reviewed plaintiff's credentials and determined that he did not possess the academic requirements to be placed on the salary schedule as a teacher with a master's degree. The defendant also inquired through the Illinois Office of Education to see if they would recognize plaintiff's master of divinity degree from Southern Baptist. The defendant was informed that the State office would not recognize that degree for purposes of teacher certification. Thereafter the defendant denied plaintiff's request to be placed on the salary schedule as a teacher possessing a master's degree and this litigation followed.

At trial plaintiff called Susan Bentz, an assistant superintendent with the Illinois Office of Education, as an expert witness. Ms. Bentz testified in part that Southern Baptist Theological Seminary is accredited by the Southern Association of Colleges and Schools. She further testified, however, that these associations are purely voluntary. In addition, the accreditation is based upon the fact that the association's investigators have ascertained that the school meets certain minimal standards; the standards, however, are based upon things such as fiscal stability and faculty resources and not the actual programs maintained at the school. Ms. Bentz further testified that the State Office of Education does not recognize Southern Baptist Theological Seminary and that the only schools which her office does recognize are schools engaged in teacher training. Her office has recognized a total of 61 schools in the State of Illinois for purposes of teacher training and certification, and Illinois has arrangements with other states whereby those states will accept degrees from the approved schools on the Illinois list and vice versa. The Illinois Office of Education has not ascribed any particular meaning to the term "recognized institution" as used in section 24—8 of the School Code. She was of the opinion that recognition under section 24—8 could come from the local school boards in the form of rules, regulations or policies concerning recognition.

On this appeal plaintiff has taken the position that accreditation by the

Southern Association of Colleges and Schools is sufficient to meet the requirement of being a "recognized institution. of higher learning" in section 24—8. In addition, plaintiff takes the position that the same type of accreditation is sufficient to meet the requirement of an "approved degree" in the salary schedule of defendant and that defendant has no other formal recognized policy concerning what constitutes an "approved degree." The defendant contends that mere accreditation by the Southern Association is insufficient to meet the requirements of section 24—8 and its salary schedule and further that it is reasonable for defendant to follow the recognition accorded by the State Office of Education for these purposes. Finally, the defendant contends that in addition to the requirement of an "approved degree" in the salary schedule, it has another traditional or oral policy which requires that the degree be in the area of arts and sciences or related thereto.

We turn now to the issue of the proper interpretation of the term "recognized institution of higher learning" appearing in section 24—8 of the School Code. Defendants have cited *Richards v. Board of Education* (1961), 21 Ill. 2d 104, 171 N.E.2d 37, to us and urge that we follow that case insofar as it looked to a separate article of the School Code to obtain a definition of the term "professional growth." We have examined *Richards* carefully and initially we note several distinctions between that case and the case involved herein. The issue which the supreme court was considering in that portion of the *Richards* opinion dealt with whether or not there had been an unlawful delegation of legislative power. In addition, the particular legislative definition which the supreme court found of the term in question was clearly general in character. Although the case before us is different in several particulars, we believe that *Richards* is instructive insofar as it indicates that all sections of the School Code should be read together to arrive at the legislative intent.

■■■ An examination of the School Code indicates that the term "recognized institution of higher learning" is used extensively in article 21 which deals with certification of teachers. The term also appears twice in article 24, which deals with the employment, tenure and duties of teachers. Section 21—21 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 21—21) defines the term "recognized" as used in conjunction with the words "school" or "institution" in article 21 and makes it clear that the term refers only to teacher training institutions which meet certain criteria set by the Superintendent of Public Instruction and the State Teacher Certification Board. This is the definition used by the State Office of Education about which Ms. Bentz testified and on the basis of which her approved list of 61 Illinois schools was compiled. Because the legislature in section 21—21 chose to define the term "recognized," "as used in this Article," we do not believe that the legislative definition in section 21—21

is entirely dispositive of the question presented herein. We do believe, however, that any institution of higher education which is "recognized" under section 21—21 would clearly meet the requirement of being a recognized institution for purposes of section 24—8. However, we do not believe that section 24—8 precludes a school board from recognizing an advanced degree from some other institution in accordance with its regulations or policies. (See *People ex rel. Cinquino v. Board of Education* (1967), 86 Ill. App. 2d 298, 230 N.E.2d 85.) Thus, a given school board may choose to adopt a policy recognizing accreditation by one of the regional associations, such as the Southern Association accreditation of Southern Baptist Theological Seminary, as being sufficient for purposes of meeting the requirements of their own salary schedule. Section 24—8, however, does not impose this requirement upon school boards.

■■ Because plaintiff's degree from Southern Baptist does not entitle him to be paid as a teacher possessing a master's degree by virtue of section 24—8, the question then becomes whether he is otherwise entitled to be paid at that rate under defendant's salary schedule which requires an "approved degree." From our examination of the briefs and record herein it appears that the parties hereto have viewed the requirement of section 24—8 that the degree be from a "recognized institution of higher learning" as incorporated into the requirement of an "approved degree," appearing in defendant's salary schedule. They therefore have devoted this portion of their arguments to the question of whether or not defendant had a valid policy further limiting the type of "approved degree" to one which is in the arts and sciences or a field related thereto. Because of our conclusion that plaintiff does not have a degree which meets the requirements of section 24—8, he likewise does not possess an "approved degree" as required in defendant's salary schedule. We therefore find it unnecessary to examine the validity of the defendant's alleged "arts and sciences" policy.

■■ Our examination of the record herein convinces us that the action of the school board in denying plaintiff's request to be compensated as a teacher with a master's degree was reasonable and not arbitrary or capricious, notwithstanding plaintiff's educational attainments. We conclude, as did the trial court, that the defendant in this case was faced with a question of first impression as to whether or not it should recognize for purposes of its salary schedule, a degree which had been changed in name only. We believe the defendant acted within its discretion in deciding not to recognize such a degree.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER, P. J., and WOODWARD, J., concur.