LARRY BETTS *et al.*, Plaintiffs-Appellants, v. THE REGIONAL BOARD OF SCHOOL TRUSTEES OF DU PAGE COUNTY *et al.*, Defendants-Appellees.

Second District   No. 2—85—0764

Opinion filed December 31, 1986.

Marvin J. Glink and Susan L. Kurland, both of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for appellants.

Anthony G. Scariano, Justino D. Petrarca, Raymond A. Hauser, and John M. Izzo, all of Scariano, Kula, Ellch & Himes, of Chicago, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiffs, who seek to form a new kindergarten through 12th grade school district (K-12 district) by detaching a part of defendant Community Unit School District No. 200 (District 200), appeal from a judgment of the circuit court of Du Page County upholding the denial of the detachment petition by defendant regional board of school trustees of Du Page County (RBST). Plaintiffs raise several issues attacking the decision of both the RBST and the trial court. We do not reach these issues, however, because we agree with defendants that the RBST lacked jurisdiction to grant a detachment.

The facts relevant to the dispositive issue may be summarized very briefly. A petition was filed on January 18, 1983, seeking to create a new K-12 district by detaching it from District 200 pursuant to section 7—1 of the Illinois School Code (Ill. Rev. Stat. 1981, ch. 122, par. 7—1). The petition was required to be signed by two-thirds of the

legal voters residing in the territory proposed to be detached (Ill. Rev. Stat. 1981, ch. 122, par. 7—1) and so contained several thousand signatures. As a petition under section 7—1, it was required to comply with section 7—6, which provides in part:

"When a petition contains more than 10 signatures the petition shall designate a committee of 10 of the petitioners as attorney in fact for all petitioners ***." (Ill. Rev. Stat. 1981, ch. 122, par. 7—6.)

The petition which all of the petitioners signed designated 10 individuals as the committee of 10. The petition, however, did not contain the signature of Clifford Johnson, one of the individuals designated.

On March 9, 1983, at the second meeting regarding the petition, this problem was brought to the attention of the RBST. Counsel for petitioners submitted affidavits from Mr. Johnson and his wife, Faye Johnson, to the effect that Mr. Johnson believed he had signed one of the petitions and that it was unknown what happened to that petition. Counsel for petitioners, taking the position that the deficiency in the petition did not deprive the RBST of jurisdiction, suggested proceeding in one of two ways: (1) with Faye Johnson, whose signature was contained in the petition, substituted for her husband on the committee by stipulation of the nine other persons (who were petitioners) designated by the petition to be on the committee, or (2) with a committee composed solely of the nine petitioners designated in the petition. The RBST allowed petitioners to proceed by substituting Faye Johnson for Clifford Johnson on the committee of 10.

Defendants argued before the RBST and in the trial court that the petition was invalid because of, *inter alia*, the deficiency in the designation of the committee of 10. Petitioners argue that the issue has been waived by defendants' failure to cross-appeal from the trial court's order which rejected the claim that the petition was invalid because of the deficient designation of the committee of 10. A necessary predicate to petitioners' waiver argument is their claim that the issue raised is "not jurisdictional so as to permit attack at any time." Petitioners are incorrect, however, in their claim that the issue is not jurisdictional, so their waiver argument must fail. See *City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112, 357 N.E.2d 1154, 1155 (order entered by administrative agency which lacks jurisdiction of the parties or of the subject matter, or which lacks inherent power to make or enter the particular order involved, is void and may be attacked at any time or in any court, either directly or collaterally).

A petition in compliance with the School Code is essential to

give the RBST jurisdiction over a detachment proceeding. (*Bourland v. Snyder* (1906), 224 Ill. 478, 480, 79 N.E. 568, 569; *Shapiro v. Regional Board of School Trustees* (1983), 116 Ill. App. 3d 397, 405, 451 N.E.2d 1282, 1287; *Muddy Grade School District No. 40 v. Raleigh Grade School District No. 34* (1964), 53 Ill. App. 2d 223, 227-28, 202 N.E.2d 653, 655.) Where the RBST acts upon a defective petition, its order is void. (*Shapiro v. Regional Board of School Trustees* (1983), 116 Ill. App. 3d 397, 405, 451 N.E.2d 1282, 1287-88; *Muddy Grade School District No. 40 v. Raleigh Grade School District No. 34* (1964), 53 Ill. App. 2d 223, 226, 202 N.E.2d 653, 655.) In the case at bar, the petition was defective in its statutorily required designation of the committee of 10, and so the RBST's order regarding the petition is void.

■ The petition sought detachment pursuant to section 7—1 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 7—1). It was therefore required to comply with section 7—6 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 7—6). Because there were more than 10 petitioners, the statute required the petition to "designate a committee of 10 of the petitioners as attorney in fact for all petitioners." (Ill. Rev. Stat. 1981, ch. 122, par. 7—6.) The petition designated a committee composed of nine petitioners and one nonpetitioner, Clifford Johnson. The petition was therefore invalid because it failed to comply with the statute, and the RBST accordingly lacked jurisdiction over the detachment proceeding. See 1972 Ill. Att'y Gen. Op. 143.

Petitioners argue that it was proper for the RBST to proceed as it did, with Faye Johnson substituted for her husband Clifford on the committee of 10. Alternatively, petitioners argue that it would have been proper "to proceed with a committee composed of nine members." Neither of these claims is correct.

■ With respect to the second claim, petitioners argue that because the statute permits any 7 members of the committee of 10 to enter into binding stipulations, a 9-member committee can do anything a 10-member committee can do. This contention misses the mark. Regardless of what the statute provides with respect to the authority of 7 members of a properly constituted committee of 10, the statute is very specific about the formation of the committee. To comply with the statute, the initial committee—designated in the petition signed by all of the petitioners—must consist of 10 of the petitioners, not 10 more or less. Ill. Rev. Stat. 1981, ch. 122, par. 7—6.

■ We turn to petitioners' other claim, that it was proper to substitute Faye Johnson for her husband, Clifford Johnson, on the committee of 10. The controlling statute does not authorize such a substi-

tution, so this claim is unsupportable.

In construing section 7—6 of the School Code, which controls in this case, it is helpful to compare it with section 11—6 of the School Code, because both provide for the designation of committees of 10 in petitions. (Ill. Rev. Stat. 1981, ch. 122, pars. 7—6, 11—6.) The comparison is particularly appropriate because, although the School Code consists of different articles and sections, it must be considered and construed as a single act. (*People ex rel. Community High School District No. 231 v. Hupe* (1954), 2 Ill. 2d 434, 448, 118 N.E.2d 328, 335; *People ex rel. Bodecker v. Community Unit School District No. 316* (1951), 409 Ill. 526, 532, 100 N.E.2d 573, 576.) Therefore, all sections of the School Code should be read together in arriving at the legislature's intent. *Loyd v. Board of Education* (1977), 49 Ill. App. 3d 996, 1000, 364 N.E.2d 977, 979.

■ It is first noteworthy that, unlike section 11—6, section 7—6 does not contain any provision for filling vacancies on the committee of 10. (Compare Ill. Rev. Stat. 1981, ch. 122, par. 7—6 with par. 11—6(b).) At one time, the provisions of sections 7—6 and 11—6 regarding committees of 10 were very similar. (Compare Ill. Rev. Stat. 1971, ch. 122, par. 7—6 with par. 11—6(5).) The Illinois Attorney General interpreted that language in section 11—6 to be mandatory and was of the opinion that a petition designating less than 10 persons as members of the committee would be invalid. (1972 Ill. Att'y Gen. Op. 143.) The legislature subsequently amended section 11—6 to, *inter alia,* provide for a procedure before the RBST for correcting such deficiencies in the designation of committees of 10 in petitions, but did not similarly amend section 7—6. (Compare Ill. Rev. Stat. 1981, ch. 122, par. 11—6(b)(6) with par. 7—6.) From this history, we can only conclude that the legislature intended not to authorize the correction before the RBST of improperly designated committees of 10 in petitions under section 7—6. *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362-63, 489 N.E.2d 1374, 1379 (court will avoid a construction of a statute which would render any portion of it meaningless or void); *In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 297-98, 478 N.E.2d 326, 329 (court must, whenever possible, attribute some reasonable meaning to every word, clause, or section of a statute and must presume that every amendment is made for some purpose and must give effect to the amendment in a manner consistent with that purpose); *People ex rel. Nelson v. Olympic Hotel Building Corp.* (1950), 405 Ill. 440, 444-45, 91 N.E.2d 597, 600 (history of legislation, considered with objects to be accomplished, and reading the entire section together indicate its purpose); *Klemme v. Drainage District*

*No. 5* (1942), 380 Ill. 221, 224, 43 N.E.2d 966, 968 (amendments are to be construed together with the original act to which they relate as constituting one law, and also together with other statutes on the same subject, as part of a coherent system of legislation); see also *Aurora Pizza Hut, Inc. v. Hayter* (1979), 79 Ill. App. 3d 1102, 1105-06, 398 N.E.2d 1150, 1153 (where legislature uses certain words in one instance, and different words in another, different results were intended).

■ The invalidity of the petition meant that the RBST lacked jurisdiction. Moreover, section 7—6 does not give the RBST the power to appoint members to fill vacancies on a committee of 10. (Ill. Rev. Stat. 1981, ch. 122, par. 7—6.) The RBST therefore did not have authority to appoint Faye Johnson the tenth member of the committee.

■ The nine petitioners designated also did not have the authority to make Faye Johnson a member of the committee of 10. First, because of the deficiency in the petition, there was no properly designated committee of 10, and it is only a sufficient number of members of a committee of 10 who may act on behalf of all petitioners. (See Ill. Rev. Stat. 1981, ch. 122, par. 7—6.) Second, a committee of 10 in a section 7—6 proceeding has only a very limited authority to act on behalf of the petitioners. The committee may stipulate the facts in lieu of requiring the presentation of evidence and it may stipulate to an accounting or to the waiver of an accounting. (Ill. Rev. Stat. 1981, ch. 122, par. 7—6.) The committee is not authorized to amend the petition or to appoint replacement members to fill vacancies on the committee. (Compare Ill. Rev. Stat. 1981, ch. 122, par. 7—6 with par. 11—6(b)(6).) Thus, even a committee designated properly in the petition would have lacked the authority to make Faye Johnson a member of the committee.

Petitioners argue that two cases support their position that the deficient designation of the committee of 10 did not deprive the RBST of jurisdiction, but those cases are readily distinguishable. (*Board of Education v. County Board of School Trustees* (1978), 60 Ill. App. 3d 415, 376 N.E.2d 1054; *Dulaney v. Schaffer* (1963), 41 Ill. App. 2d 213, 190 N.E.2d 512.) In both cases, the question was quite different from that at bar. In the first, the issue was whether a petition denied for failure to designate a committee of 10 was barred by section 7—8 from being refiled within one year. (*Board of Education v. County Board of School Trustees* (1963), 60 Ill. App. 3d 415, 376 N.E.2d 1054.) In the second, the issue was whether a petition, which failed to designate a committee of 10, could be amended prior to hearing to properly designate the committee, by an amendment signed by all of

the petitioners who signed the initial petition. (*Dulaney v. Schaffer* (1963), 41 Ill. App. 2d 213, 190 N.E.2d 512.) In the case at bar, petitioners never attempted to amend the petition in this way (possibly because the number of petitioners was large), so we need not decide whether that procedure would have been proper under the statute.

We are well aware of the effort which underlies this litigation and which resulted in a voluminous record containing many documents and transcripts of many hearings. It also appears from the record and briefs that petitioners understandably have grievances, albeit grievances which may more appropriately be matters for the legislature than for the courts. However, this cannot rectify the essential jurisdictional deficiencies we have found to exist.

Accordingly, the RBST lacked jurisdiction in this detachment proceeding, and its order denying the petition is therefore void. Accordingly, the judgment of the circuit court of Du Page County affirming the RBST's order is reversed, the RBST's order is vacated, and the detachment petition is dismissed.

Judgment of circuit court reversed; order of regional board of school trustees vacated; and petition dismissed.

REINHARD and UNVERZAGT, JJ., concur.