FRANCES D. HOLBROOK *et al.*, Plaintiffs-Appellees, v. THE REGIONAL BOARD OF SCHOOL TRUSTEES OF DU PAGE COUNTY *et al.*, Defendants-Appellants.

Second District   No. 2—98—0749

Opinion filed June 29, 1999.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy and Augusta R. Clarke, Assistant State's Attorneys, of counsel), for appellants.

Karl R. Ottosen, of Ottosen, Trevarthen, Britz, Dooley & Kelly, Ltd., of Wheaton, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, the Regional Board of School Trustees of Du Page County (Board), dismissed two petitions filed by residents seeking to dissolve Puffer-Hefty School District No. 69 (the District). The Board dismissed the first petition for lack of jurisdiction. The Board then determined that section 7—8 of the School Code (Code) (105 ILCS 5/7—8 (West 1996)) prohibited plaintiffs from filing the second petition within two years of the earlier dismissal. Upon administrative review, the Du Page County circuit court allowed plaintiffs to file the second petition. On appeal, the Board argues that section 7—8 of the Code bars plaintiffs' petition because the first petition's dismissal for lack of jurisdiction was a "final determination" under section 7—8. We disagree and affirm the trial court's order.

■ The facts of this case are undisputed. On October 11, 1996, residents of the District filed the first petition seeking to dissolve the District and annex specific grades to an adjacent district pursuant to sections 7—2a(b) and 7—11 of the Code (105 ILCS 5/7—2a(b), 7—11 (West 1996)). Section 7—2a(b) of the Code delineates the procedure for dissolving small school districts:

"Any school district with a population of less than 5,000 residents shall be dissolved and its territory annexed as provided in Section 7—11 by the regional board of school trustees upon the filing with the regional board of school trustees of a *** petition signed by a majority of the registered voters of the district seeking such dissolution. No petition shall be adopted or signed under this subsection until the *** petitioners *** shall have given at least 10 days' notice to be published once in a newspaper having general circulation in the district and shall have conducted a public informational meeting to inform the residents of the district of the proposed dissolution and to answer questions concerning the proposed dissolution. The petition shall be filed with and decided solely by the regional board of school trustees of the region in which the regional superintendent of schools has supervision of the school district being dissolved. *** *The regional board of school trustees shall have no authority to deny dissolution requested in a proper petition for dissolution filed under this subsection (b) ***.*" (Emphasis added.) 105 ILCS 5/7—2a(b) (West 1996).

■ On December 16, 1996, the Board dismissed the petition for

lack of jurisdiction after determining that the petition lacked the proper signatures of a committee of 10 petitioners as required by section 7—6(c) of the Code (105 ILCS 5/7—6(c) (West 1996) ("When a petition [filed under article 7 of the Code] contains more than 10 signatures the petition shall designate a committee of 10 of the petitioners as attorney in fact for all petitioners")). On July 25, 1997, plaintiffs filed a second petition, which contained a properly designated committee of 10 and otherwise conformed to sections 7—2a(b) and 7—6(c) of the Code. The parties agree that the Board's dismissal of the first petition was proper and that the second petition was identical in substance to the first.

■ The Board dismissed the second petition after concluding that it violated section 7—8 of the Code, which prohibits the filing of a similar petition for dissolution and annexation within two years of the resolution of an earlier petition. Section 7—8 provides:

> "No territory, nor any part thereof, which is involved in any proceeding to change the boundaries of a school district by detachment from or annexation to such school district of such territory, and which is not so detached nor annexed, shall be again involved in proceedings to change the boundaries of such school district for *at least two years after final determination of such first proceeding* unless during that 2 year period a petition filed is substantially different than any other previously filed petition during the previous 2 years ***." (Emphasis added.) 105 ILCS 5/7—8 (West 1996).

Upon administrative review, the trial court reversed the Board's dismissal of the second petition, reasoning that the dismissal of the first petition for deficient designation of a committee of 10 was not a "final determination" under section 7—8. On appeal, the Board contends that any dismissal of a section 7—2a(b) petition for lack of jurisdiction is in fact a "final determination" on the merits.

The Board argues that the law governing successive petitions filed under sections 7—1(a) and 7—2 does not apply to section 7—2a(b) petitions. A regional board must deny an otherwise proper section 7—1(a) or 7—2 petition if the board decides that the overall benefit to the annexing district and the detachment area does not clearly outweigh the resulting detriment to the losing district and the surrounding community as a whole. *Board of Education of Community Unit School District No. 337 v. Board of Education of Community Unit School District No. 338*, 269 Ill. App. 3d 1020, 1029 (1995). A denial on this basis is clearly a final determination on the merits, and the section 7—8 time limitation is triggered.

However, a regional board cannot deny a proper petition filed under section 7—2a(b) even if the board feels that the boundary

change would adversely affect the communities involved. 105 ILCS 5/7—2a(b) (West 1996). Because it lacks the authority to deny a section 7—2a(b) petition based on the anticipated effect of the boundary change, the Board argues that any dismissal under the section is a final determination pursuant to section 7—8. We disagree.

■ A regional board of school trustees lacks jurisdiction to consider a petition filed under article 7 of the Code if there is a deficiency in the designation of the committee of 10. *Betts v. Regional Board of School Trustees*, 151 Ill. App. 3d 465, 467 (1986) (section 7—1(a) petition dismissed); *Board of Education of Community Unit School District No. 300 v. County Board of School Trustees*, 60 Ill. App. 3d 415, 419 (1978) (section 7—2 petition dismissed).

Under section 7—8, a "final determination" which operates to bar successive petitions is one entered in a valid proceeding *where jurisdiction to adjudicate was present*, and where the denial of the petition was based upon its substantive merits. *Hall Township High School District No. 502 v. County Board of School Trustees*, 80 Ill. App. 2d 475, 477 (1967) (section 7—1(a) petition). Therefore, section 7—8 does not bar the filing of a successive petition under article 7 of the Code if the basis for denying the first petition was jurisdictional, such as the improper designation of the committee of 10. *District No. 300*, 60 Ill. App. 3d at 419.

The Board incorrectly argues that *District No. 300* is not controlling because that case allowed a successive petition filed under section 7—2 of the Code and this case involves section 7—2a(b) petitions. In determining whether the legislature intended section 7—8 to apply equally to successive petitions filed under article 7 of the Code, we presume that statutes that relate to school districts are governed by a single policy and that the legislature intended sections 7—1(a), 7—2, and 7—2a(b) to be consistent and harmonious. See *Helmig v. John F. Kennedy Community Consolidated School District No. 129*, 241 Ill. App. 3d 653, 661 (1993) (sections 7—1(a) and 7—2a(b) are not in conflict and each provides small school districts with alternative means of effectuating dissolution and annexation).

Because a small school district can be dissolved pursuant to section 7—1(a) or section 7—2a(b), section 7—8 should apply equally to petitions filed under either section. Section 7—8 does not bar a successive petition if the earlier section 7—1(a) petition was dismissed for failure to designate properly a committee of 10. *Betts*, 151 Ill. App. 3d at 467. Therefore, we conclude that section 7—8 does not bar a successive section 7—2a(b) petition if the first petition was similarly dismissed for lack of jurisdiction.

We note that because the requirements of the section are entirely

procedural any deficiency in a section 7—2a(b) petition divests the regional board of jurisdiction. See 105 ILCS 5/7—2a(b) (West 1996); see also *Augustine v. Regional Board of School Trustees*, 253 Ill. App. 3d 827, 830 (1993) (board has no jurisdiction over section 7—2a(b) petition lacking sufficient voter signatures); see also *Board of Education of Wapella Community Unit School District No. 5 v. Regional Board of School Trustees*, 245 Ill. App. 3d 776, 782 (1993) (board lacks jurisdiction to allow addition or withdrawal of signatures from section 7—2a(b) petition because a presumption of validity attaches immediately upon the filing of the petition without the further necessity of a regional board taking action). Therefore, a successive section 7—2a(b) petition may never sufficiently trigger section 7—8's time limitation.

Apparently such a result contravenes the legislature's intent in enacting section 7—8. Section 7—8's limitation on successive petitions was designed to prevent the harassment of county boards, school boards, and other interested persons. *Hall Township*, 80 Ill. App. 2d at 477. Nevertheless, we conclude that section 7—8 does not bar a successive petition filed under article 7 of the Code if the earlier petition was dismissed for lack of jurisdiction. In this case, section 7—8 does not bar plaintiff's section 7—2a(b) petition because the earlier petition was dismissed for failure to designate properly a committee of 10 petitioners.

For the foregoing reasons, the order of the circuit court of Du Page County is affirmed.

Affirmed.

THOMAS and HUTCHINSON, JJ., concur.