William E. Carrigan, d/b/a Carrigan's Tavern, Plaintiff-Appellee, v. Illinois Liquor Control Commission, Administrative Agency, and Nelson O. Howarth, Mayor of the City of Springfield, Illinois, Ex Officio Local Liquor Control Commissioner of the City of Springfield, Illinois, Defendants-Appellants.

**Gen. No. 10,187.**

Third District.

October 16, 1958.

Rehearing denied November 17, 1958.

Released for publication November 17, 1958.

225

William P. Sheehan, City Attorney, Latham Castle, Attorney General, and Fred G. Leach, Assistant Attorney General, all of Springfield, for defendants-appellants.

Pree and Pree, and John W. Curren, of Springfield, for plaintiff-appellee.

PRESIDING JUSTICE ROETH delivered the opinion of the court.

Plaintiff's license as a tavern operator was revoked by the Mayor as Local Liquor Commissioner of Springfield on April 27, 1957. Thereafter on April 30, 1957, plaintiff filed his appeal with the Illinois Liquor Com-

mission. After a hearing, the Illinois Liquor Commission sustained the Local Liquor Commissioner and dismissed the appeal. This order was entered on June 11, 1957, and a copy was received by plaintiff on June 18, 1957. On July 5, 1957, plaintiff filed a petition for rehearing which was denied on August 2, 1957. On administrative review the Circuit Court of Sangamon County reversed the Commission. The Illinois Liquor Commission and Local Liquor Commissioner appeal from this order.

The sole question involved in this case is one of statutory construction. It involves the question of the construction to be given to Par. 154, Chap. 43 of the Illinois Revised Statutes 1957, which provides:

"Within twenty (20) days after the service of any rule, regulation, order or decision of said commission upon any party to the proceeding, such party may apply for a rehearing in respect to any matters determined by said commission. Said commission shall receive and consider such application for a rehearing within twenty (20) days from the filing thereof with the secretary of the commission. In case such application for rehearing is granted the commission shall proceed as promptly as possible to consider the matters presented by such application. No action for the judicial review of any decision of said commission shall be allowed unless the party commencing such action has first filed an application for a rehearing and the commission has acted upon said application. Only one rehearing shall be granted by the commission on application of any one party."

and more particularly that part of this provision which reads:

"Said commission shall receive and consider such application for a rehearing within twenty (20) days from the filing thereof with the secretary of the commission."

227

In the case before us more than 20 days elapsed between the date of filing the petition for rehearing and the entry of the order denying the petition.

Plaintiff contends that the language last quoted is mandatory and that the designation of time therein was intended by the legislature as a limitation on the power of the Commission; that the Commission was required to not only receive and study or ponder on the petition for rehearing but was also required to act on it within the 20 day period; that not having acted upon the petition until after the expiration of the 20 day period, the Illinois Liquor Commission lost jurisdiction and its order of affirmance was erroneous. This was the basis of the trial judge's decision.

On the other hand defendants contend that the language last quoted is directory only and that jurisdiction to adjudicate the petition for rehearing was not lost after the expiration of the 20 day period.

■■ At the outset it is to be noted that the statute in question uses the word "consider." One of the meanings attributed to the word "consider" by Webster is "to judge." It is our opinion that the legislature had in mind that the Commission should not only consider in the sense of pondering on or giving thought to or weighing the petition but also in the sense that it should judge, adjudicate or decide the same.

■■ On the question of whether the provisions of the statute are directory or mandatory the general rule is announced in People v. Jennings, 3 Ill.2d 125, 119 N.E.2d 781, and is as follows:

"There are, undoubtedly, many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffectual. Such, generally, are regulations designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Pro-

visions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid. The power of the officer in all such cases is limited by the manner and conditions prescribed for its exercise."

Equally important is the rule that the courts may take into consideration the consequences which would result from construing it as directory, and the consequences which would result from construing it as mandatory. For this purpose the courts apply such general principles of construction as the rule that a statute should be given a construction which permits a reasonable operation, and a construction of statutes rendering them absurd, should be avoided.

■ An examination of the provisions of Sections 149 through 154a of Chap. 43, Illinois Revised Statutes 1957, reveals that definite and elaborate procedural requirements with definite time limitations are set up for the review of decisions of both the Local Liquor Commissioner and the State Liquor Commission. These provisions are designed to give to an aggrieved party a prompt review of decisions. The reason is obvious. The revocation of a liquor license operates to bring about an immediate cessation of business. A timely appeal and the giving of bond may reopen the business. However, there are procedural requirements and time elements involved which must be strictly adhered to. A licensee's place of business is closed upon revocation by the local authorities. His appeal to the State Commission operates as a supersedeas until the Commission

hands down its decision affirming the local commissioner. Thereupon the licensee's place of business is closed again. In the meantime he is precluded from obtaining a stay order in the Circuit Court since he may not proceed by way of administrative review in the Circuit Court until such time as he shall have applied for rehearing and his application has been acted upon. Thus, to hold that the provisions of the statute under consideration are directory only, not only deprives the licensee of a prompt judicial review but also, in our opinion, injuriously affects his rights. This being true, it is our opinion that the provisions of the statute are mandatory and that the 20 day period operates as limitation on the power of the Commission to act. This view is fortified by the fact that mandatory language is used in the statute itself. It is further fortified by the fact that to hold otherwise, would produce the absurd result that the Commission might very properly notify a petitioner within the twenty-day period that it has received and is considering the petition for rehearing and might thereafter continue to consider the petition for a length of time, well in excess of a total of twenty days, before making a final determination thereon, thus depriving petitioner of the right to apply for a stay order to permit operation of the business, pending a final determination by the courts.

Accordingly the order of the Circuit Court of Sangamon County is affirmed.

Affirmed.

REYNOLDS and CARROLL, JJ., concur.