(No. 35153.—

WILLIAM E. CARRIGAN, d/b/a CARRIGAN'S TAVERN, Appellee, *vs.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.,* Appellants.

*Opinion filed March 31, 1960—Rehearing denied May 16, 1960.*

LATHAM CASTLE, and GRENVILLE BEARDSLEY, Attorneys General, both of Springfield, (FRED G. LEACH, Assistant Attorney General, and WILLIAM P. SHEEHAN, City Attorney, both of Springfield, of counsel,) for appellants.

JOHN W. CURREN, and PREE & PREE, both of Springfield, for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

Petition for leave to appeal was granted in this cause to review a judgment of the Appellate Court which affirmed an order of the circuit court of Sangamon County holding that certain provisions of section 8a of article VII of the Illinois Liquor Control Act, (Ill. Rev. Stat. 1957, chap. 43, par. 154,) are mandatory rather than directory in nature. Appellee is William E. Carrigan, d/b/a Carrigan's Tavern. Appellants are the Illinois Liquor Control Commission and the mayor of the city of Springfield, acting as local liquor commissioner, whose administrative order to revoke Carrigan's retail liquor license was reversed by the courts.

Section 8a, insofar as pertinent, provides that: "Within twenty (20) days after the service of any rule, regulation, order or decision of said commission upon any party to the proceeding, such party may apply for a rehearing in respect to any matters determined by said commission. Said commission shall receive and consider such application for rehearing within twenty (20) days from the filing thereof with the secretary of the commission. In case such application for rehearing is granted the commission shall proceed as promptly as possible to consider the matters presented by such application. No action for the judicial review of any decision of said commission shall be allowed unless the

party commencing such action has first filed an application for a rehearing and the commission has acted upon said application. Only one rehearing shall be granted by the commission on application of any one party."

The record shows that Carrigan's license as a tavern operator was revoked by the local liquor commissioner on April 27, 1957. On April 30, 1957, he filed his appeal with the Illinois Liquor Commission which, after a hearing, entered an order on June 11, 1957, sustaining the local commissioner and dismissing the appeal. A copy of this order was received by Carrigan on June 18, 1957. On July 5, 1957, he filed an application for rehearing which was denied on August 2, 1957.

He then filed a complaint in the circuit court under the provisions of the Administrative Review Act, wherein he contended that the order of the administrative agencies was contrary to the evidence; and that the Illinois Liquor Control Commission was without jurisdiction to enter the order denying the petition for rehearing. The court found that the facts sustained the findings of the administrative agencies that there had been a violation, but reversed the order of the commission and held that by its failure to pass upon the application for rehearing within 20 days, the commission lost jurisdiction of the controversy, which rendered all of its prior proceedings a nullity. The Appellate Court affirmed the order of the circuit court on the issue presented. *Carrigan* v. *Illinois Liquor Control Com.* 19 Ill. App. 2d 225.

The question presented is whether the language that the commission "shall receive and consider such application for a rehearing within twenty (20) days from the filing thereof" was intended by the legislature to be mandatory or merely directory and whether the failure of the commission to pass upon the application within the prescribed time had the effect attributed to it by the trial and Appellate courts.

The problem is one of statutory construction. In determining the intent of the legislature consideration must be given to the entire statute, its nature, objects and the consequences which would result from construing it one way or another. (*Zbinden* v. *Bond County Community Unit School Dist.* 2 Ill.2d 232; 34 I.L.P., Statutes, sec. 136, pp. 130-133; 50 Am. Jur., Statutes, sec. 23, p. 46, secs. 25 and 26, pp. 48 and 49.) Ordinarily a statute which specifies the time for the performance of an official duty will be considered directory only where the rights of the parties cannot be injuriously affected by failure to act within the time indicated. However, where such statute contains negative words, denying the exercise of the power after the time named, or where a disregard of its provisions would injuriously affect public interests or private rights, it is not directory but mandatory. *People* v. *Jennings,* 3 Ill.2d 125; *Rochester Gas & Electric Corp.* v. *Maltbie,* 272 App. Div. 162, 71 N.Y.S. 2d 326.

We have applied these principles in numerous cases. See, for example, *People* v. *Gibbs,* 413 Ill. 154, 163, (time for convening of grand jury) ; *People ex rel. Little* v. *Collins,* 386 Ill. 83, 99 and 100, (publication of assessments by Department of Revenue) ; *People* v. *Donaldson,* 255 Ill. 19, 26 and 27, (time for selection of grand jury) ; *Whalin* v. *City of Macomb,* 76 Ill. 49, 51 and 52 (publication of city ordinances within one year after incorporation and every five years thereafter).

The general rule announced in *People* v. *Jennings,* 3 Ill.2d 125, 127, is applicable here: "There are, undoubtedly, many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffectual. Such, generally, are regulations designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of the parties interested cannot be injuriously affected.

Provisions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated." There are no express negative words in the section in question which deny the power of the commission to consider or act upon the petition for rehearing after the designated period of 20 days.

The Appellate Court found, however, that to hold the provisions directory only would operate to deprive plaintiff of substantial rights. In this connection it stated: "The revocation of a liquor license operates to bring about an immediate cessation of business. A timely appeal and the giving of bond may reopen the business. However, there are procedural requirements and time elements involved which must be strictly adhered to. A licensee's place of business is closed upon revocation by the local authorities. His appeal to the State Commission operates as a supersedeas until the Commission hands down its decision affirming the local commissioner. Thereupon the licensee's place of business is closed again. In the meantime he is precluded from obtaining a stay order in the Circuit Court since he may not proceed by way of administrative review in the Circuit Court until such time as he shall have applied for rehearing and his application has been acted upon." (*Carrigan* v. *Illinois Liquor Control Com.* 19 Ill. App. 2d 225, 229, 230.) Insofar as the above language suggests that the licensee must cease business upon the affirmance of the commissioner's order by the State Commission, it is in direct conflict with the express provisions of the applicable statutes.

Section 5 of article VII of the Liquor Control Act provides that the licensee, upon filing an appeal "* * * may resume his business until such time as the State Commission * * * shall render a decision * * *." (Ill. Rev. Stat. 1957, chap. 43, par. 149.) Section 8b of article VII of the same act specifies that the term "administrative de-

cision" as used therein is defined as in section 1 of the Administrative Review Act. (Ill. Rev. Stat. 1957, chap. 43, par. 154a.) The definition given in the latter statute is: " 'Administrative decision' or 'decisions' means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency. In all cases in which a statute or a rule of the administrative agency requires or permits an application for a rehearing * * * and an application for such rehearing * * * is made, no administrative decision of such agency shall be final as to the party applying therefor until such rehearing or review is had or denied." Ill. Rev. Stat. 1957, chap. 110, par. 264.

It is therefore clear that under the positive wording of the Liquor Control Act, coupled with its adoption of the pertinent portions of the Administrative Review Act, the State Liquor Commission has not rendered a decision which has become final or which closes a licensee's business until it acts upon the petition for rehearing. There is no foundation for the conclusion that the place of business is closed until the application for rehearing is passed upon, or that failure to act upon the petition within 20 days injuriously affects the rights of the licensee.

While the licensee may not apply for judicial review until disposition of the rehearing petition, he retains all of the rights secured by perfecting his appeal. These, in turn, are all of the rights having their inception in the issuance of the license, including the right to engage in the business of selling intoxicating liquors and the use of the licensee's property for that purpose. It has not been suggested what other rights, if any, might be affected by failure to dispose of the petition within the allotted time.

Under the rules of construction heretofore announced, the provisions of the section in question should be con-

sidered directory unless it can fairly be said that such a construction would injuriously affect public or private rights. In the absence of negative language indicating a contrary intention, the conclusion reached by the Appellate Court is without proper foundation. The Liquor Control Act is to be "liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected * * *." (Ill. Rev. Stat. 1957, chap. 43, par. 94.) A strict or technical construction of any of its provisions detrimental to the public interest should be avoided. We believe that the foregoing construction is consistent with the sound administration of the act and that it will secure substantial justice for all parties concerned.

The judgments of the Appellate and circuit courts, which reversed the orders of the local liquor commissioner and the Illinois Liquor Commission revoking the liquor license in question, are reversed and the orders of the Illinois Liquor Commission and local liquor commissioner revoking such license are confirmed.

*Judgments reversed; orders confirmed.*