PHILIP ALPERN, Plaintiff-Appellee, *v.* LICENSE APPEAL COMMISSION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (4th Division)    No. 61052

Opinion filed May 12, 1976.—Rehearing denied June 4, 1976.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellants.

Serpico, Stamos, Novelle, Dvorak, Navigato & Hett, Ltd., of Chicago (Robert A. Novelle, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendants appeal from a judgment by the circuit court entered in an action under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*). The judgment reversed a decision of the License Appeal Commission of the City of Chicago which sustained the revocation of a liquor license by the Local Liquor Control Commissioner.

Plaintiff, Philip Alpern, was the holder of a liquor license for the premises located at 1439 West Fullerton Avenue in the City of Chicago. On May 2, 1972, he was indicted on two counts of arson and two counts of conspiracy to commit arson. On October 17, 1973, he pleaded guilty to

two counts of arson and one count of conspiracy and was sentenced to serve one to three years in the Illinois State Penitentiary.

Philip Alpern's liquor license expired on October 31, 1973.

Proceedings were instituted by the Local Liquor Control Commissioner of the City of Chicago to revoke Philip Alpern's liquor license by mailing a notice of hearing to Philip Alpern on December 11, 1973. On January 14, 1974, a hearing was held at which evidence of Philip Alpern's convictions was introduced. The Local Liquor Control Commissioner determined that Philip Alpern's liquor license should be revoked. A revocation order was entered on January 18, 1974, and notice of the order was served upon Philip Alpern's attorneys on January 23, 1974.

An appeal of the revocation order was filed by Philip Alpern on January 28, 1974. The License Appeal Commission of the City of Chicago sustained the revocation order on February 13, 1974. A complaint for administrative review challenging the revocation was then filed by Philip Alpern.

On June 14, 1974, the Circuit Court of Cook County reversed the decision of the License Appeal Commission. This appeal ensued.

We believe the issues to be the following:

> (1) Whether the Local Liquor Control Commissioner retains subject matter jurisdiction over a liquor license which has lapsed prior to the commencement of revocation proceedings; and

> (2) Whether the five-day notice requirement of section 149 of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 149) is mandatory or merely directory in nature.

Plaintiff contends that the Local Liquor Control Commissioner did not have jurisdiction over the subject matter of this case because plaintiff's liquor license had expired before revocation proceedings were instituted. We do not agree.

■■ A license to sell alcoholic liquor attaches both to the person licensed as well as to the premises for which the license is issued. The conduct for which the plaintiff's license was revoked occurred while the license was still in effect. The effect of such conduct and of a license revocation continues beyond the life of a liquor license. Section 2 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 120) states in part that a person whose liquor license has been revoked for cause is ineligible to receive a liquor license thereafter. In addition, a license revocation places a one-year ban on the sale, distribution or manufacture of alcoholic liquor in the premises described in such revoked license. (Ill. Rev. Stat. 1973, ch. 43, par. 156.) This court is of the opinion, therefore, that so long as the conduct causing revocation proceedings to commence occurred during the life of the license and revocation

proceedings are instituted within a reasonable time after the expiration of the license, the Local Liquor Control Commissioner has continuing jurisdiction over the license even though it expires before revocation proceedings begin.

We now come to the question of whether the five-day notice requirement of section 5 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 149) is mandatory or merely directory in nature. Section 5 of article VII states in pertinent part:

> "The local liquor control commissioner shall within 5 days after such hearing, if he determines after such hearing that the license should be revoked or suspended, state the reason or reasons for such determination in a written order of revocation or suspension and shall serve a copy of such order within the 5 days upon the licensee."

The Local Liquor Control Commissioner in the instant case served the order of revocation upon the plaintiff nine days after the conclusion of the revocation hearing. If the time specification is determined to be mandatory, the Local Liquor Control Commissioner lost jurisdiction to order the revocation. If, however, the five-day requirement is merely directory, then the revocation was valid. *Quinlan & Tyson, Inc. v. City of Evanston* (1975), 25 Ill. App. 3d 879, 324 N.E.2d 65.

■■ Determining whether a provision is mandatory or directory is primarily a matter of ascertaining the intention of the legislature. *(Hassiepen v. Marcin* (1974), 24 Ill. App. 3d 97, 320 N.E.2d 572.) In *Carrigan v. Liquor Control Com.* (1960), 19 Ill. 2d 230, 166 N.E.2d 574, the court stated, at page 233:

> "In determining the intent of the legislature consideration must be given to the entire statute, its nature, objects and the consequences which would result from construing it one way or another. [Citations.] Ordinarily a statute which specifies the time for the performance of an official duty will be considered directory only where the rights of the parties cannot be injuriously affected by failure to act within the time indicated. However, where such statute contains negative words, denying the exercise of the power after the time named, or where a disregard of its provisions would injuriously affect public interests or private rights, it is not directory but mandatory. [Citations.] "

■■ Applying these principles to the case at bar, this court has concluded that the five-day provision of section 5 of article VII is merely directory in nature. The Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 94) provides that the Act "shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall

be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors." Moreover, "[a] strict or technical construction of any of its provisions detrimental to the public interest should be avoided." *(Carrigan v. Liquor Control Com.* (1960), 19 Ill. 2d 230, 236, 166 N.E.2d 574, 577, 578.) The five-day provision neither "contains negative words, denying the exercise of the power after the time named" nor has it been suggested that any right of the plaintiff will be injuriously affected by a failure to serve the revocation order within the allotted time. Plaintiff cites *Johnkol, Inc. v. License Appeal Com.* (1969), 42 Ill. 2d 377, 247 N.E.2d 901, in support of his position. In that case our supreme court found a statutory time limitation to be mandatory in nature because a licensee was able to show that he had been injured by the Local Liquor Control Commissioner's failure to act within the prescribed period. Therefore, *Johnkol* is clearly distinguishable from the case at bar wherein no injury to plaintiff has been shown. *Miller v. Daley* (1973), 14 Ill. App. 3d 394, 302 N.E.2d 347, is also relied on by plaintiff. The plaintiff in that case urged this court to adopt his interpretation of the five-day provision of section 149. Although we agreed with him that the provision was mandatory in nature, we concluded that the order of revocation in that case had been served within the five-day period. Therefore, the interpretation of the five-day provision found in *Daley* is merely *obiter dictum.*

For the reasons stated, the judgment of the circuit court, which reversed the orders of the Local Liquor Control Commissioner and the License Appeal Commission of the City of Chicago revoking the liquor license in question, is reversed and the orders of the Local Liquor Control Commissioner and the License Appeal Commission of the City of Chicago revoking such license are affirmed.

Judgment reversed; orders affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.