THE BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT NO. 300, KANE, COOK, McHENRY and LAKE COUNTIES, Plaintiff-Appellant, *v.* THE COUNTY BOARD OF SCHOOL TRUSTEES OF KANE COUNTY *et al.*, Defendants-Appellees.

Second District   No. 77-358

Opinion filed May 26, 1978.

Everett E. Nicholas, Jr., and Stanley B. Eisenhammer, both of Robbins, Schwartz, Nicholas & Lifton, of Chicago, for appellant.

Gene Armentrout, State's Attorney, of Geneva, Lawrence Jay Weiner, of Chicago, and Bruce K. David, of Elgin, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from an administrative review affirming orders of the Kane and Lake county boards of school trustees which both granted a petition to detach certain territory from Dundee Community School District No. 300, Kane, Cook, DeKalb and McHenry counties, and annex same to Barrington Community Unit School District No. 220, Lake, Cook, Kane and McHenry counties. The objector-appellant is District No. 300.

The territory itself is located in Barrington Hills, less than one mile south of Fox River Grove. It consists of 345.8 acres surrounded on the North, East and South by the territory of District No. 220, except for a neck of land on the West one lot wide, which connects it with the rest of District No. 300. The territory is residential. 25 adults and 20 children resided therein at the time this matter arose.

A petition for detachment and annexation, signed by 21 adults, was filed with the Kane County Board of School Trustees on March 8, 1974. This petition was dismissed by that board on July 1, 1974, prior to the commencement of any proceedings, since it failed to designate a committee of 10 to act as attorney in fact for all petitioners, as required by section 7—6 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—6).

On August 10, 1974 the petition involved herein was filed. This petition was signed by 23 of the 25 adults residing in the area in question. The Kane County Board of School Trustees, after giving both actual and published notice, conducted extensive evidentiary hearings on October 7, 1974, October 28, 1974, and November 14, 1974, at which both the petitioners and District No. 300 presented testimony. At the conclusion of the November 14 hearing the Kane County Board of School Trustees voted unanimously to approve the petition. However, no written order was entered by that board at the time. The transcript of proceedings was then referred, pursuant to section 7—6, to the Lake County Board of School Trustees for their concurrence.

On January 6, 1975, the Lake County Board of School Trustees conducted a hearing on the transcripts as required by section 7—6 of the School Code. At that hearing the petitioners and District No. 300 appeared and both sides were afforded the opportunity to make statements for the record. The trustees unanimously voted to approve the petition and issued a written order, instanter.

On January 17, 1975, District No. 300 filed a complaint for

administrative review in the circuit court. That complaint was answered by the defendants herein but no further action was taken at that time. On April 21, 1975, the Kane County Board of School Trustees issued a written order formally granting the petition.

On October 14, 1975, District No. 300 filed an "Amendment to its Complaint for Administrative Review," and somewhat modified its allegations in this matter. This amendment to the complaint was also answered by the defendants herein and on February 23, 1977, the orders of the county boards of school trustees were affirmed by the circuit court. District No. 300 appeals from this order and the order of May 4, 1977, denying its motion to reconsider and vacate the court's judgment.

District No. 300 raises six issues for our resolution on this appeal. First, the District contends that the petition must be remanded to the county boards since they allegedly did not make findings sufficient to permit judicial review. Second, the District contends that the county boards could not validly approve this particular petition since a prior one had been dismissed within one year, relying upon section 7—8 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—8). Third, the District contends that the Kane County Board failed to enter a final order, that no certified order was delivered to the Board of District No. 300 and that the Lake County Board of Trustees had violated section 7—6 in that it did not conduct its hearing within 30 days of the transmittal of the transcripts. Fourth, the District contends that the decisions of the county boards were invalid in that they allegedly violated the open meetings act (Ill. Rev. Stat. 1973, ch. 102, par. 41 *et seq.*). Fifth, the District contends that the decisions of the county boards are invalid since they were reached prior to a determination by the State Capital Development Board that State building funds could still be reimbursed. Sixth, the District contends, generally, that the decisions of the boards regarding the petition were against the manifest weight of the evidence.

We turn first to the contention that the county boards failed to make adequate findings of fact so as to permit judicial review. In support of its position District No. 300 relies upon the case of *Reinhardt v. Board of Education* (1975), 61 Ill. 2d 101, 103, 329 N.E.2d 218, 220, where our supreme court stated:

> "It is clear that a decision by an administrative agency must contain findings to make possible a judicial review of the agency's decision. The Supreme Court in *Securities and Exchange Com. v. Chenery Corp.*, 318 U.S. 80, 94, 87 L. Ed. 626, 63 S. Ct. 454, described the requirement stating that 'the orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained.' "

■■ We do not quarrel with these sentiments. However, we hold that the language of *Reinhardt* is inapposite to the situation of the instant case for various reasons. In *Reinhardt* a school board discharged a teacher after hearing evidence upon various allegations against her. The allegations themselves were not related to one another. One implied the commission of theft while another related to pregnancy out of wedlock. The board there did not recite the reason for discharge and, therefore, the actual "decision" of the board could not be determined or reviewed. In the case before us the record is limited solely to a specific petition brought under the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—1 *et seq.*), which sets forth specific guidelines for decision. Thus, there is only a single subject area to be reviewed and any multiplicity of charges, as in *Reinhardt*, cannot exist. Most important, the county boards did issue orders, on January 6, 1975, and April 21, 1975, which recited, in general, the rationale for the grant. We also note that the statute in question here does not require that findings be memorialized in any particular form when a decision is reached by a county board of school trustees. We therefore find the orders issued by these county boards contained sufficient findings to permit adequate judicial review. To remand this matter back to the boards of school trustees for the formal issuance of extensive written findings would be, in this instance, a useless act which would extol form over substance.

■■ We next turn to the allegation that the previous petition had been denied on its merits within one year of the petition involved herein, and that therefore the county boards had no jurisdiction due to section 7—8 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—8). There is no dispute that the first petition had been denied prior to any actual hearing, solely because it did not designate a committee of 10 petitioners as attorney in fact before the Board. To support its position on this issue, District No. 300 cites the case of *Board of Education of Consolidated School District No. 138 v. County Board of School Trustees* (1962), 37 Ill. App. 2d 166, 185 N.E.2d 374 (abstract). In that case the county board of school trustees conducted hearings and granted a petition for detachment and annexation. This order by the board was then overturned on administrative review. Another petition was immediately filed within the one-year period. An action to enjoin the detachment was brought which was dismissed. An appeal followed. This court held that the grant of detachment by the board of school trustees constituted a determination on the merits of the previous petition which barred any further action within the year. Our holding in *District No. 138* is inapplicable to the situation at hand. Here all consideration on the previous petition ceased due to a purely technical insufficiency. Nothing was done on the first petition except for the entry of an order dismissing the same. Accordingly

we reject District No. 300's contention and hold that the Kane County Board was correct in conducting the hearing below.

■■ ■ It is next contended by District No. 300 that the Kane County Board failed to enter a final order; that no certified copy of any such order was served upon the Board of District No. 300; and that section 7—6 of the School Code was violated in that the Lake County Board of School Trustees did not conduct a hearing within 30 days after their receipt of transcripts. As to the first of these alleged procedural defects, we note from the record that a final order granting the petition was indeed issued by the Kane County Board of School Trustees on April 21, 1975, and, therefore, this allegation is without merit. Second, there is no affidavit, testimony or other competent evidence in the record to support the allegation of lack of service upon District No. 300. Since the District is the appellant before this court, it is its burden to insure that the record before us is complete and, therefore, we cannot take notice of the defect, if any. Lastly, the record reveals that the transcripts of the Kane County proceedings were received by the Lake County Board on December 5, 1974, and it conducted its hearing and issued its order on January 6, 1975. Thus, 32 days elapsed between the receipt and the hearing. Section 7—6 states:

> "When more than one county board of school trustees must act the one hearing the petition shall after entering its order send forthwith a certified copy of the transcripts of the hearing to the other county board who shall within 30 days conduct a hearing as provided in this section on the transcript and either grant or deny the request in the petition."

We have carefully examined the entire statute and we hold that the phrase "who shall within 30 days" is to be read in this instance as meaning "who *should* within 30 days." We construe the time limit of section 7—6 as being merely directory after noting that the only parties who could be prejudiced by a delay are the petitioners. There is no contention that District No. 300 could be harmed by delay since no detachment or annexation could occur until after the second hearing. Delay only preserves the status quo. Also, there are no negative terms in the statute which would deny the exercise of the Board's power after the running of the 30-day period. See *Alpern v. License Appeal Com.* (1976), 38 Ill. App. 3d 565, 348 N.E.2d 271.

■■ We next examine the contention that the orders must be reversed because they allegedly violate the open meetings act (Ill. Rev. Stat. 1973, ch. 102, par. 41 *et seq.*). This allegation arises from the fact that the two county boards of school trustees adjourned to deliberate in private after the taking of evidence and then returned to the open forum to vote. In this

regard District No. 300 cites the case of *People ex rel. Hopf v. Barger* (1975), 30 Ill. App. 3d 525, 332 N.E.2d 649. However, this case is inapposite since *Barger* was a mandamus action to compel an open meeting and not an action to declare a public act invalid. We also note that, unlike the plaintiff in *Barger*, District No. 300 raised no objection at the time of the alleged violations, although it was represented at both proceedings by counsel. Moreover, District No. 300 did not avail itself of the remedies provided by the act at the time. We have carefully examined the provisons of the open meetings act and we note that it provides for the issuance of a mandamus to compel the meeting to be open. In addition, it provides that violations of the act might result in misdemeanor, criminal penalities for intransigent office holders. However, nothing in the act or in case law mandates the invalidity of public action allegedly taken during closed proceedings. In the absence of clear precedent, and without legislative mandate, we will not construe the act in question as creating such a result.

■■ District No. 300 next contends that the decisions of the two county school boards of trustees are invalid since they were reached prior to the receipt of the determination of the Illinois Capital Development Board, as allegedly required by section 35—17 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 35—17). The Illinois legislature repealed section 35—17 without a saving chance during the pendency of this case before the circuit court. It is well settled in Illinois that a reviewing court must dispose of a case under the law in force when its decision is rendered. (*People ex rel. Bauer v. Elmhurst-Villa Park-Lombard Water Com.* (1960), 20 Ill. 2d 139, 169 N.E.2d 350; *Board of Education v. Will County Board of School Trustees* (1974), 20 Ill. App. 3d 218, 313 N.E.2d 471.) Accordingly, any alleged issue regarding the effect of section 35—17 is moot and we will not consider it.

■■ Finally, District No. 300 contends, in general, that the decisions of the Kane and Lake county boards of school trustees were against the manifest weight of the evidence. We have examined the record herein with great care and we agree with the circuit court in its finding that "said decisions are strongly supported by, and not contrary to, the manifest weight of the evidence." Without cluttering this opinion with detail, we find that the record is replete with evidence supporting the petition. The gerrymandered geography of the territory in question; the duplicative and wasteful bus routes; the unfulfilled social and extracurricular needs of the students; the difference in the curricula of the two districts; the effect on the property values of the petitioners and the fact that District No. 300 gave no reason whatsoever for opposing the petition, all are facts which support its grant. Despite the obstructive tactics of District No. 300, the

record before us certainly supports the actions taken below and we will affirm them.

Affirmed.

NASH and RECHENMACHER, JJ., concur.