THE BOARD OF EDUCATION OF SERENA COMMUNITY UNIT SCHOOL DISTRICT NO. 2, LA SALLE COUNTY, Plaintiff-Appellant, *v.* THE REGIONAL BOARD OF SCHOOL TRUSTEES OF LA SALLE COUNTY *et al.*, Defendants-Appellees.

Third District No. 79-509

Opinion filed June 25, 1980.

Robbins, Schwartz, Nicholas & Lifton, Ltd., of Chicago (Everett E. Nicholas, Jr., Stanley B. Eisenhammer, and David M. Smith, of counsel), for appellant.

Alan B. Marsh, of White & Marsh, of Ottawa, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Eight residents of Serena Community Unit School District No. 2 of La Salle County, Illinois, filed a detachment petition with the regional board of school trustees of La Salle County requesting annexation to Rutland Elementary School District No. 230 and Ottawa Township High School District No. 140. After a hearing, the regional board granted the petition, and as a consequence the Serena board of education filed a complaint for administrative review in the circuit court of La Salle County. The trial court affirmed the detachment order, and the Serena board of education has perfected this appeal, presenting for our

consideration two issues: (1) whether judicial review is precluded because the regional board failed to make findings of fact, and (2) whether the detachment order was contrary to the manifest weight of the evidence.

According to the report of proceedings, the testimony at the hearing on the detachment petition showed that the two school-age children who reside in the affected area now attend Harding elementary school in Unit School District No. 2. Harding school is 12 miles from their home, has an enrollment of 190 for grades K through 8, has an average class size of 20-22, has no separate library, and consists of an old wooden school building with a brick addition. The Rutland elementary school, on the other hand, is 3½ miles from the children's home, is a larger, more modern building with a separate library, a playground three times the size of Harding, and class sizes ranging from 5 to 16 with a total enrollment of 95.

Testimony comparing Serena high school, from which detachment is sought, with Ottawa high school established that Ottawa has a much larger enrollment, more course offerings, and a more diverse school population.

Roberta and Dennis Aubry, parents of the children involved, testified that their children had attended Rutland school until the previous school year when the Serena unit district was organized. They also stated that all their business and social contacts were in Ottawa and Marseilles and that one of their primary concerns was that the children's participation in after-school extracurricular activities at Harding School would be curtailed because the parents would have to travel 24 miles round trip to bring them home. Other evidence indicated that both the Rutland school district and the newly formed Serena unit school district have an operating deficit and that either would benefit from having petitioners' $147,000 assessed valuation included within their tax base.

The regional board decided that the petition should be granted and entered an order which recited that a hearing was held; that notice in writing had been given as required by law; that the petition was in all respects in compliance with the law; and that the board had heard evidence as to the several factors specified in the statute, each of which was enumerated. The order concluded by granting the prayer of the petition.

Upon administrative review, the Serena board argues that the order of the regional board was fatally flawed because it failed to include findings of fact relating to the specific factors set out in the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 7—6) and those factors required by decisions of our courts (*e.g., Bowman v. County Board of School Trustees* (1974), 16 Ill. App. 3d 1082, 307 N.E.2d 419). In advancing its argument, the Serena board relies upon *Reinhardt v. Board of Education* (1975), 61 Ill. 2d 101, 329 N.E.2d 218, a teacher dismissal case, where the school

board failed to make findings as to which of several alleged grounds were relied upon as cause for the teacher's dismissal. The supreme court observed that there can be no judicial review of an administrative agency's decision unless the grounds for its action are clearly disclosed and adequately sustained. The cause in *Reinhardt* was remanded to the board for findings to be made.

In *Board of Education v. County Board of School Trustees* (1978), 60 Ill. App. 3d 415, 376 N.E.2d 1054, a detachment case substantially similar to the case before us, *Reinhardt* was held not applicable. The detachment case involved orders by boards of school trustees of both Kane and Lake counties which were challenged for inadequate findings of fact. In affirming the orders, the court stated:

> "In the case before us the record is limited solely to a specific petition brought under the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—1 *et seq.*), which sets forth specific guidelines for decision. Thus, there is only a single subject area to be reviewed and any multiplicity of charges, as in *Reinhardt*, cannot exist. Most important, the county boards did issue orders, on January 6, 1975, and April 21, 1975, which recited, in general, the rationale for the grant. We also note that the statute in question here does not require that findings be memorialized in any particular form when a decision is reached by a county board of school trustees. We therefore find the orders issued by these county boards contained sufficient findings to permit adequate judicial review. To remand this matter back to the boards of school trustees for the formal issuance of extensive written findings would be, in this instance, a useless act which would extol form over substance." 60 Ill. App. 3d 415, 419, 376 N.E.2d 1057.

■■ In our view, written findings of fact are highly desirable and would greatly facilitate meaningful administrative review of detachment cases, but we cannot say that the failure to make explicit findings requires a reversal in every case.

■■ Certainly our examination of the record in the instant case compels us to conclude that a remand to the regional board for the preparation of written findings of fact would in no way change the result and would therefore be a useless act. We feel that justice will best be served by refusing to remand, because the evidence overwhelmingly favors the granting of the detachment petition, and the board's order, taken together with the evidence, supports the conclusion that the required factors were properly considered. The superintendent of the Serena unit school district was the only witness against the petition. He noted that classes with only five students would be undesirable; that the Harding school had hundreds of books but no librarian; that Serena high school has a comprehensive

program in both academic and vocational areas as well as extracurricular activities, but does not have as many course offerings as Ottawa; and that Serena is a newly formed district operating at a deficit. The evidence clearly establishes that the financial detriment to Serena caused by the proposed detachment would be balanced by the financial advantage to Rutland, that the educational opportunities and physical facilities are better at Rutland and Ottawa, and that the best interests of the students would be better served by attending a school substantially closer to their home and near the social and business centers utilized by their parents. The order of detachment was not contrary to the manifest weight of the evidence.

For the foregoing reasons, we conclude that the order of the regional board and the judgment of the circuit court of La Salle County were correct and should be affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.