HAL COX, Plaintiff-Appellee, v. RICHARD J. DALEY, Local Liquor Control Commissioner of the City of Chicago, et al., Defendants-Appellants.

First District (4th Division)    No. 79-2013

Opinion filed February 19, 1981.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Cheryl L. Smalling, Assistant Corporation Counsel, of counsel), for appellants.

No brief filed for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendants appeal from a judgment rendered under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*). The judgment set aside a decision of the License Appeal Commission of the City of Chicago which revoked the licensee's retail liquor license. We reverse.

Defendants contend that (1) the 5-day rule found in the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 149) is directory, not mandatory; (2) the findings and decision of the Local Liquor Control Commissioner are supported by the manifest weight of the evidence; (3) the finding of the Local Liquor Control Commissioner on charge No. 7 did not deprive the licensee of administrative due process of law; (4) the finding on charge No. 7 was based on admissible hearsay evidence; and (5) the Local Liquor Control Commissioner had authority to revoke this license based upon charge No. 7.

On August 13, 1975, the Local Liquor Control Commissioner of the

City of Chicago (Commissioner) instituted proceedings against the licensee, Hal Cox, to revoke his retail liquor license to operate a tavern, the Wonder Lounge, located at 1440 South Kedzie Avenue, Chicago. The complaint seeking license revocation specified eight separate charges. Testimony was taken by the Commissioner on October 14, November 4, and December 2, 1975. On April 9, 1976, the Commissioner entered a license revocation order finding against Cox on three charges, Nos. 3, 7 and 8, as follows:

> (3) On October 13, 1974, the licensee, Mr. Hal W. Cox knowingly possessed unregistered firearms on the licensed premises, to wit: a Browning 12 ga. shot gun, serial No. 7 G/3390, and a Brescia 6.35 cl. rifle, serial No. B4-901, contrary to the Municipal Code of Chicago, chapter 11—1—1.
>
> (7) That the licensee continued to employ Claudia Rambus as a bartender, even after said Mr. Rambus had exhibited a propensity for violent and aggressive behavior toward patrons, in complete disregard for the safety of his patrons.
>
> (8) On June 9, 1975, the licensee by and through his agent, Claudia Rambus, a bartender, knowingly committed an aggravated battery on Young Williams, a patron on the licensed premises, with the use of a deadly weapon, to wit: a gun, contrary to section 12—4(b)(1) (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(1)).

Cox' application for rehearing was denied by the License Appeal Commission on May 25, 1976. Thereafter, on May 26, 1976, Cox instituted an administrative review proceeding in the circuit court of Cook County. Proceedings were conducted on October 16, 1979, and thereafter the circuit court set aside the order of the Commission which had revoked Cox' retail liquor license. The trial court based its decision on the 129-day time span between the Local Liquor Control Commission hearings and the date the order of revocation was issued, stating that the passage of time between hearing and decision was prejudicial to the licensee. The trial court also found there was insubstantial evidence presented by the City of Chicago to sustain the charges against the licensee. Defendants filed their notice of appeal on November 14, 1979.

■■ Defendants contend that the 5-day rule found in the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 149), requiring the Commissioner to state the reasons for revocation of a license in a written order within 5 days of the hearing, is directory, not mandatory. Defendants' first contention has already been considered by this court. (*Dugan's Bistro, Inc. v. Daley* (1977), 56 Ill. App. 3d 463, 371 N.E.2d 1116; *Alpern v. License Appeal Com.* (1976), 38 Ill. App. 3d 565, 348 N.E.2d 271, *appeal denied* (1976), 63 Ill. 2d 555.) In *Alpern* and *Dugan's Bistro*, we determined that the 5-day period prescribed in the statute was directory, not

mandatory. Those decisions are controlling. *Rincon v. License Appeal Com.* (1978), 62 Ill. App. 3d 600, 606, 378 N.E.2d 1281, 1286.

■■ Defendants' second contention is that the findings and decision of the Commissioner are supported by the manifest weight of the evidence. The Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) states that the findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct. A reviewing court is not authorized to reweigh the evidence presented to the agency, but is limited to ascertaining whether the findings and decisions of the agency are against the manifest weight of the evidence. In order for the decision to be against the manifest weight of the evidence, an opposite conclusion must be clearly evident. (*Watra, Inc. v. License Appeal Com.* (1979), 71 Ill. App. 3d 596, 601, 390 N.E.2d 102, 106-07.) It is evident there was sufficient evidence in the record to confirm the violent character of the bartender, Rambus, and that the licensee was well aware of it. The testimony of Richard Harris and police officer Eugene Daley amply supported charge No. 8 that Rambus shot Young Williams with a gun on the premises of the Wonder Lounge. After careful review of the record, we necessarily conclude the decision of the Commissioner is supported by the manifest weight of the evidence.

■■ Defendants further contend that the licensee was not deprived of administrative due process as was claimed by the licensee in the trial court. Charge No. 7 was not indefinite, overly broad and lacking in adequate notice as the licensee claimed. Administrative due process requires only a definite charge, adequate notice and a full and impartial hearing. (*Hill v. Daley* (1975), 28 Ill. App. 3d 202, 206, 328 N.E.2d 142, 146.) Here, the City's complaint was specific enough to inform the licensee of the charges filed against him. A complete reading of the notice of hearing shows that although charge No. 7 did not contain the time period or the circumstances during which Rambus exhibited aggressive behavior, those items were detailed in two charges—Nos. 5 and 6—and it was not necessary to repeat that information in the succeeding charge. Therefore, it cannot be said the licensee was deprived of administrative due process.

■■ ■ Defendants also contend the Commissioner's second finding that the licensee continued to employ Claudia Rambus even after he exhibited violent and aggressive behavior was based on admissible hearsay evidence. The licensee objected to Officer Shields' testimony of his conversation with Rambus concerning an altercation between Fred Lee and Rambus. Cox contends that Rambus was not his agent for the purpose of making any admissions; however, Cox admitted that Rambus was employed by him as a bartender at the time the conversation took place. Although hearsay is not admissible in an administrative hearing, admissions by a

party or his agent are admissible as an exception to such rule. (*Rincon v. License Appeal Com.* (1978), 62 Ill. App. 3d 600, 608, 378 N.E.2d 1281, 1287; *Riching Corp. v. Daley* (1976), 43 Ill. App. 3d 574, 578, 357 N.E.2d 74, 77.) The statements Rambus made to Shields become admissible as an admission because he was an employee of the licensee at that time. We agree with the Commissioner's finding that the statement of Rambus was admissible.

■■ Defendants' final contention is that the Commissioner had authority to revoke this license based upon charge No. 7. The licensee argues that the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 149) provides that the power to revoke a liquor license is premised upon the violation of a statute or municipal ordinance, and the finding under charge No. 7 that Rambus was retained by the licensee in spite of his propensity for violent behavior, taken alone, is not an adequate basis for revocation of Cox' liquor license. However, charge No. 7, considered in conjunction with the finding under charge No. 8—that Rambus committed a battery with the use of a deadly weapon upon a patron—gives a proper basis for revocation of this liquor license. *Dugan's Bistro, Inc. v. Daley* (1977), 56 Ill. App. 3d 463, 476, 372 N.E.2d 1116, 1126.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

ROMITI, P. J., and LINN, J., concur.